Barnet, J.,
delivered the opinion of the court:
This is a suit to recover the sum of $30,163.36 for the transportation by the plaintiff railroad company of certain shipments for the defendants during the years 1899 and 1900', one of armor tubes and the remainder of armor plate, from Munhall and South Bethlehem, Pa., to Ogden, Utah, en route to San Francisco, Cal., the same being destined for use in the construction of the United States battleship Wisconsin, then being built for the defendants at the Union Iron Works, at the latter city. Of this amount claimed $2,617.07 represents short payments by the defendants (which are ad *106 mitted in defendants’ brief) and $509.53 represents the difference between an alleged special contract price and the ■ price paid the plaintiff upon a certain shipment. The remainder is the difference between the gross rate of $1 per hundredweight paid by the defendants for said shipments between the terminal points mentioned and the gross rate of $2.20 per hundredweight which the plaintiff contends it should have received. The short payments before mentioned are not considered in this opinion, as they are both taken up in the amount allowed by the court.
It is contended by the plaintiff that during the periods stated the gross through freight rate on armor plate bad been fixed by classification at $2.20 per hundredweight, with net cash proportionals to Ogden, Utah. On the other hand, it is contended by the defendants that the gross through freight rate for armor plate during said periods had been fixed as a commodity rate at $1 per hundredweight. It should also be stated that it is contended by the plaintiff, in the alternative, that in any event, and even under the theory of interpretation to be given to the fixing of rates contended for by the defendants, it is entitled to a rate of $1.50 per hundredweight on the freight mentioned.
The facts governing this case and necessary to be considered for its determination are as follows: Armor plates being then a new article of commerce, prior to 1890 no freight rate, either class or commodity, had been fixed on that article by the freight lines. But at a meeting of the freight committee of the Trans-Continental Association, held at Chicago, Ill., November 29,1890, the following action was taken in respect to the rate to be charged for the transportation of this article:
“ The Chairman. The chairman would like to know the sentiment of the committee in respect of the rate that should apply on heavy armor plate over 3 inches in thickness. Unless a rate is agreed upon, the chairman will rule that the rate on forgings shall apply, $1.50 per 100 pounds. “
“ The sentiment of the committee was that the rate on forgings should apply.”
This proceeding is quoted in full, as its construction has much to do with the decision of this case. Subsequently the transcontinental freight rate committee before mentioned re *107 duced the former commodity rate on forgings from $1.50 to $1 per hundredweight, this order taking effect July 16,1894, the rate on forgings at all times being placed in the published tariff under the general heading, “ Iron and steel, articles of, as follows: * * * forgings, rough, not in any manner machine finished.” At this time no change was made in the rates to be charged for armor plate or armor-plate materials unless such change is to be implied by analogy from the changes upon the rates of forgings, etc., before mentioned.
Thereafter the said Trans-Continental Freight Committee readjusted its freight rates and issued a new tariff in which armor plate was placed in what was denominated the “ third class,” the rate upon articles in which was $2.20 per hundredweight. This classification by its terms became effective January 1, 1898. Said committee issued several statements of tariff rates thereafter and prior to November 5, 1900, in all of which armor plate was placed in the “ third class ” mentioned and at a rate of $2.20 per hundredweight. November 5, 1900, the Trans-Continental Freight Bureau established a commodity rate on armor plate at $2.20 per hundredweight. The freight rates established, or attempted to be established at the several times as above stated, were between the terminals for which rates are to be considered in the determination of this case. When the first change was made in the class rates affecting armor plates, the classification thereof was marked with an asterisk, which was' the mark used (as therein explained) to indicate that the class of that particular article had been changed. No such mark was used when the commodity rate was established upon armor plate November 5, 1900. The findings show, and perhaps unnecessarily, that armor plate is an alloy of steel and nickel, of complicated manufacture, machine finished, and face hardened, and hence can not be said naturally to belong to the class of “ Iron and steel forgings rough,” etc., and we do not understand that to be contended by the defendants. It should also, perhaps, be added that for a time the defendants acquiesced in said increased freight rate on armor plate, but subsequently declined to do so, and insisted that the plaintiff was only entitled to a through rate of $1 per hundredweight.
*108 With this statement of the facts bearing upon the consideration of this case we come to the question in dispute between the parties, which, briefly stated, we understand to be as follows: The plaintiff contends that the first action of the freight committee, November 29, 1890, upon the question as to what freight rate should be charged' upon armor plate was but temporary in its character and can not be said either to have placed it in a class or to have given it a commodity rate, and that the action of the freight bureau making the change in freight tariffs effective June 25, 1898, and putting armor plate in a class for which $2.20 per hundredweight was to be charged was the first fixed freight rate for that article; hence that it was entitled to a freight rate on armor plate of $1.50 per hundredweight until June 25, 1898, and since that date $2.20 per hundredweight. On the other hand, it is contended by the defendants that the action of the freight committee November 29, 1890, fixed a commodity rate upon armor plate at $1.50 per hundredweight, which remained until the rate on iron and steel forgings was reduced to $1 per hundredweight, as found in Finding IX, and that that- rating remained the rate upon armor plate until November 5, 1900, when the freight bureau established a commodity rate on this article at $2.20.
As we understand the law governing this case we do not agree with either of these contentions. Eule f-a of Tariff Circular No. 18-A, issued by the Interstate Commerce Commission, provides as follows:
“ In every instance where a commodity rate is named in a tariff upon a commodity and between specified points such commodity rate is the lawful rate and the only rate that may be used with relation to that traffic between those points, even though a class rate or some combination may make lower. The naming of a commodity rate on any article or character of traffic takes such article or traffic out of the classification and out of the class rates between the points to which such commodity rate applies.”
This rule was construed by a ruling of the commission of June 9,1908, as follows:
“A carrier having a high class rate on furniture with a low minimum also had a lower commodity rate with a higher minimum. In response to an inquiry whether their privilege *109 to use either rate as they desire: Held, that the only purpose of making a commodity rate is to take the commodity out of the classification. The commodity rate is, therefore, stated in rule †, Tariff Circular 15-a, the lawful rate. And if the carrier does not desire to apply it on all shipments it must be canceled.”
We see no force in the contention that the rate first fixed on armor plate by freight rate committee November 29, 1890 (finding vii) was only a temporary rate, for the findings show that it remained in force at least until July 16, 1894 (finding ix), when the rate on iron and steel forgings, etc., was changed and if our view is correct, until November 5, 1900, when a commodity rate at $2.20 on armor plate was fixed. In either event, however, whether temporary only or not, we do not see how that affects this case, for all orders fixing freight rates are merely temporary. However fixed, it was the established rate until changed in some manner allowed by law. We think that the action taken by the freight rate committee November 29, 1890, established a commodity rate upon armor plate at $1.50 per hundredweight, and the rule quoted established by the Interstate Commerce Commission does not allow this rate to be changed by placing the articles in another class. In other words a commodity rate once established remains in force until changed as a commodity rate.
Neither do we think that the action of the freight committee reducing the former rate on iron and steel forgings, rough, etc. (finding ix), affected the commodity rate theretofore fixed on armor plate.
The findings show and it is a matter of common knowledge that it would be an unauthorized construction by analogy to place harveyized armor plate in the same class with “ Iron and steel forgings rough, not in any manner machine finished.”
It follows from the foregoing that the plaintiff was entitled to a freight rate upon armor plate at the rate of $1.50 per hundredweight from November 29, 1890, to November 5, 1900. This entitles the plaintiff to a judgment of $14,493.88 and a judgment in its favor in that sum is ordered.
Howey, J., was not present at the trial of this case and took no part in its decision.